NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0189n.06

No. 09-3785

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 29, 2011**
LEONARD GREEN, Clerk

MAURICIO ENRIQUE VASQUEZ,

        Petitioner-Appellant,

v.

ERIC H. HOLDER, JR.,

        Respondent-Appellee.

ON PETITION FOR REVIEW
OF AN ORDER OF THE
BOARD OF IMMIGRATION
APPEALS

_____/

BEFORE:   BOGGS, SUHRHEINRICH and STRANCH, Circuit Judges.

        **SUHRHEINRICH, Circuit Judge.**   Petitioner Mauricio Enrique Vasquez seeks reversal of the decision of the Board of Immigration Appeals ("BIA") affirming the denial of his application for asylum and withholding of removal.  On appeal, Vasquez forfeits necessary arguments and, thus, cannot succeed in his challenge of the BIA's decision.  We **AFFIRM**.

## I. BACKGROUND

        Vasquez was born in Mexico in 1986.  Around age two, he and his mother moved to Columbia.  Vasquez is a citizen of Mexico and Colombia and currently holds valid passports to both countries.  Vasquez entered the United States in June 2001 and received lawful permanent-resident status approximately one year later.  Since his arrival in the United States, Vasquez has twice returned to Colombia.

        In October 2004, the Circuit Court of Washington County, Arkansas, convicted Vasquez of several criminal offenses including computer fraud, theft of property, and forgery.  Each offense

allowed for the imposition of a sentence of one year or longer. As a result, the U.S. Department of Homeland Security served Vasquez with a Notice to Appear for removal proceedings. *See* 8 U.S.C. § 1227(a)(2)(A)(i) (2008) (allowing for removal of a lawful permanent resident upon his conviction of a crime involving moral turpitude, if a sentence of one year or longer may be imposed, and if the conviction occurs within five years of admission). Furthermore, because the conviction occurred within five years of Vasquez's admission as a permanent resident, he was ineligible for cancellation of removal. 8 U.S.C. § 1229b(a)(1) (2008).

On November 22, 2006, Vasquez filed an application for asylum and withholding of removal pursuant to 8 U.S.C. § 1158(b). This section permits asylum for a refugee who shows an inability or unwillingness to return to his country of nationality because of a well-founded fear of persecution on account of his membership in a particular social group. Accordingly, Vasquez argued that his family constituted a particular social group and that, because various people and organizations had committed several violent acts against his family members, he feared returning to Colombia.

On May 10, 2007, the Immigration Judge ("IJ") issued an order, rejecting both the argument that Vasquez's family constituted a defined social group and the contention that Vasquez had a well-founded fear of persecution. Based on these findings, the IJ denied asylum. The IJ also denied withholding of removal on the ground that Vasquez failed to make the requisite showing that persecution was more likely than not to occur. Finally, the IJ declined to exercise his discretion to grant asylum because Vasquez's convictions involved crimes of moral turpitude.

Although the IJ acknowledged that Vasquez did not want to return to Mexico and had no family there, the IJ concluded that Vasquez had purposefully availed himself of his Mexican ties in order to secure a Mexican passport prior to his potential removal to Columbia. Consequently, the

IJ ordered Vasquez removed to Mexico, or in the alternative, to Colombia.

On June 4, 2007, Vasquez submitted his notice of appeal to the BIA. He stated that the IJ erred by refusing to recognize his family as a particular social group and erred by denying his application for asylum and withholding of removal. Although Vasquez indicated he intended to file a separate, written brief, he never did so.

On May 27, 2009, the BIA dismissed the appeal. The BIA refused to recognize Vasquez's family as a defined social group. Pointing out that Vasquez's family apparently suffered violence at the hands of disparate actors, the BIA concluded that Vasquez's family members do not share any immutable characteristics and lack social visibility sufficient to allow Colombian society to perceive them as a group. The BIA also refused to find that Vasquez possessed the requisite well-founded fear of persecution. In support of this conclusion, the BIA cited Vasquez's return trips to Colombia and his insufficient explanation for the visits, given his purported fear. Additionally, the BIA observed that the lack of any persecution on these return trips significantly undercut Vasquez's assertion of fear.

Because the BIA concluded that Vasquez was not a member of a defined social group and lacked a well-founded fear of persecution, it denied asylum. The BIA also denied withholding of removal on the basis that it requires a more demanding standard of proof than asylum.

Vasquez appeals.

## II. ANALYSIS

### A. Jurisdiction

Initially, we consider our jurisdiction to hear this appeal. The government claims appellate jurisdiction is lacking in that Vasquez did not effectively exhaust his administrative claims because

he failed to challenge the IJ's order of removal to Mexico before the BIA.

We "may review a final order of removal only if" the petitioner "has exhausted all administrative remedies available to [him] as of right." 8 U.S.C. § 1252(d)(1) (2005); *Madrigal v. Holder*, 572 F.3d 239, 243 (6th Cir. 2009). To fulfill the exhaustion requirement the petitioner must "first argue each claim before the IJ or the BIA"; failure to do so strips the appellate court of jurisdiction to review the BIA's decision. *Csekinek v. I.N.S.*, 391 F.3d 819, 822 (6th Cir. 2004) (citing 8 U.S.C. § 1252(d)(1)).

Although Vasquez did not submit a brief to the BIA regarding his assertion that the IJ erred in denying his application for asylum and withholding of removal, the BIA considered Vasquez's appeal on the merits. When the BIA issued its decision dismissing his appeal, it precluded Vasquez from seeking further administrative relief; as a consequence, he has effectively exhausted all available administrative remedies. *Madrigal*, 572 F.3d at 243. Thus, we have jurisdiction to address Vasquez's appeal.

## B. Merits

On appeal, Vasquez claims that the BIA erred in concluding that he did not qualify for asylum relief under 8 U.S.C. § 1158. To qualify for asylum under this section, an applicant must show that he is a refugee within the definition of 8 U.S.C. § 1101(a)(42), which requires both that he (1) has a "well-founded fear of persecution" and (2) that this fear is "on account of . . . membership in a particular social group[.]"[1] *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 423 (1987) (citing 8 U.S.C. § 1101(a)(42)). Although Vasquez's brief on appeal explicitly acknowledges both

---

[1]The requirements of the statute may also be satisfied in ways not relevant to Vasquez's appeal. *See* 8 U.S.C. § 1101(a)(42) (2010).

-4-

elements, he failed to present and develop any argument regarding the first element. As a result, Vasquez has not sufficiently raised his well-founded fear of persecution as an issue before this court; his asylum argument therefore fails. *See* Fed. R. App. P. 28 (requiring that an appellant's brief contain a statement of the issues presented on appeal and an argument for each issue); *Marks v. Newcourt Credit Group, Inc*., 342 F.3d 444, 462 (6th Cir. 2003). To the extent that identifying the correct legal standard somehow constitutes an argument, it is still insufficient. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (explaining that issues raised in a perfunctory manner, without some effort at developing an argument, are deemed waived). In other words, Vasquez has forfeited any argument concerning the BIA's conclusion that he failed to demonstrate a well-founded fear of persecution. As a result, he cannot possibly prevail on appeal. We therefore decline to reach the issue of whether Vasquez's family constituted a particular social group.

To the extent Vasquez contests the BIA's affirmance of the IJ's denial of his application for withholding of removal, Vasquez waived his arguments by not discussing withholding of removal in his brief. Moreover, Vasquez never mentions that his removal to Colombia was only in the alternative to his removal to Mexico. Indeed, in Vasquez's brief before this court, Mexico is not mentioned at all. By failing to raise this issue, Vasquez forfeits any challenge of his order of removal to Mexico. By forfeiting arguments necessary to his challenge of the BIA's decision, Vasquez cannot succeed on appeal.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the BIA's decision.